**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CONFIDENTIAL PLAINTIFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 25-cv-3429 (UNA) |
| | ) |
| REGENTS OF THE UNIVERSITY | ) |
| OF CALIFORNIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The Court will grant the application and dismiss the complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), and dismiss plaintiff's pending motions (ECF Nos. 4, 5, 7-9) without prejudice as moot.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise

1

within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins"). Consequently, the Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981).  The instant complaint satisfies this standard and, therefore, it will be dismissed without prejudice.

It appears that plaintiff found himself in the care or custody of defendants, among which are psychiatric and behavioral health facilities in California, police departments in Santa Monica and Los Angeles, California, and psychiatrists who had treated him at various times since 1989.  *See generally* Compl. at 9-14, 24-32 (page numbers designated by CM/ECF).  Allegedly, "defendants engaged in a deliberate and sustained campaign to silence, discredit, and isolate Plaintiff and his support network through the concerted use of psychiatric authority, institutional power, and coordinated psychological operations." *Id*. at 6.  In vague and conclusory terms, plaintiff alleges coordinated efforts by defendants to fabricate psychiatric diagnoses for the purpose of effecting plaintiff's institutionalization, to deny him medical treatment, to separate him from family members, and to defame him, among other actions, characterized by plaintiff as racketeering activity.

*See generally id*. at 15-32.  In addition, plaintiff alleges, defendants subjected him to "non-consensual, covert, and unethical research – including psychological experimentation, drug trials, and behavioral modification – without informed consent or regulatory oversight," *id*. at 34, and subjected "individuals connected to [p]laintiff, including romantic partners, family members, and community associates . . . to intimidation, psychological manipulation, reputational harm, and forced separation, with the intent and effecting of isolating [p]laintiff and dismantling his support network," *id*. at 34-35.

Having reviewed all of plaintiff's submissions, particularly the complaint, Comparative Racial Justice Analysis (ECF No. 3-2), Comprehensive Legal Report & Brief (ECF No. 3-3), and Emergency Relief Motion (ECF No. 5), the Court concludes that plaintiff's factual allegations, to the extent they are intelligible, are both fanciful and patently insubstantial.

A separate order will issue.

DATE: November 6, 2025                              JAMES E. BOASBERG
                                                    Chief Judge

3